**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

CLYDE E. LEVY,

Civil No. 01-1971 (DSD/AJB)

Petitioner,

v.

**REPORT AND RECOMMENDATION**

IMMIGRATION AND
NATURALIZATION SERVICE,

Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner is presently a prisoner at the Federal Medical Center in Rochester, Minnesota. This action was commenced as a challenge to an INS detainer and petitioner's possible deportation upon release from prison. It is the recommendation of the Magistrate Judge that this matter be dismissed for lack of jurisdiction to issue a writ of habeas corpus where petitioner is not in custody of the respondent INS.

**Background and Claims**

Petitioner in this matter is imprisoned pursuant to a felony drug conviction and sentence issued in United States District in the Eastern District of Pennsylvania. He pled guilty on September 22, 1998, to a charge of aiding and abetting the distribution and possession of cocaine base, cocaine and marijuana with intent to distribute, and was sentenced to a term of 70



FILED FEB 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

months in the custody of the United States Bureau of Prisons.[1] Petitioner is a citizen of Jamaica and has been a lawful permanent resident of the United States since May 11, 1973. By document entitled Immigration Detainer–Notice of Action dated January 25, 1999, the prison facility was advised that an INS investigation had been commenced to determine whether petitioner is subject to deportation from the United States.[2] The notice further requested that the document be accepted as a detainer and that INS be advised of the prisoner's pending release date at least 30 days prior to the release. The detainer request stated that "[t]his [request] is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he would otherwise receive."[3] INS was thereafter advised that the requested detainer had been filed against the subject.[4] Petitioner contends that he has serious medical needs and that his health would be adversely affected as a result of deportation to Jamaica. He further insists that he will not have the opportunity to effectively protect his liberty interests if expedited hearing is not allowed and he is compelled to develop his legal arguments against deportation in the course of the rush to deport him following completion of his prison term. Petitioner now seeks to enjoin the INS from deporting him pending full hearing in United States District Court. Meanwhile, respondent asserts that the Court lacks jurisdiction to issue a writ in this instance because the prisoner is not in INS custody. Respondent further contends that petitioner has no right to an INS appearance

---

[1] Respondent's Exhibits, Exh. C, Bates stamp pp. 11-12. [Docket No. 4].

[2] Id., Exh. E, Bates stamp page 21.

[3] Id.

[4] Id., Exh. F, Bates stamp page 22.

and delivery bond and is not entitled to mandamus relief because he has no right to expedited hearing on deportation.[5]

**Discussion**

The fundamental purpose of the writ of habeas corpus is to provide a means for relief from unlawful custody or imprisonment. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Typically, jurisdiction to grant habeas corpus relief will not exist if the petitioner is not in the custody of the authority against whom the writ is requested. Id. (citing 28 U.S.C. § 2241(c). Petitioner in the instant action is currently in the custody of the Bureau of Prisons as the result of a felony conviction. He seeks hearing in United States District Court to attack an INS detainer, and ultimately, to challenge the presumed disposition, i.e. deportation. The filing of a detainer document does not alter a prisoner's status as a custodial detainee of the Bureau of Prisons, and does not effectively place the prisoner in the custody of the immigration service, under circumstances in which the INS has merely provided notice that a decision regarding deportation will be made at a future time. Id. Therefore, habeas corpus does not provide an avenue for a prisoner challenge to the INS detainer until the prisoner is released from his present term of confinement and is placed in custody of the INS. Id. Furthermore, the record before the Court contains no evidence of an existing deportation order or evidence, other than petitioner's mere

[5] The Court's review of the petition in this matter, along with its consideration of the petitioner's Traverse to Respondent's Return to Show Cause, reveals no indication that the prisoner is presently seeking a determination on an INS bond pending decision on removal from the United States, and there no suggestion or argument by petitioner to the effect that this matter should be construed as an action in the nature of mandamus or that he is entitled to expedited discretionary hearing under the Speedy Trial Act, the Interstate Agreement on Detainers or the Immigration and Nationality Act. The Court will therefore refrain from essentially open-ended discussion on those subjects.

speculation, of a likelihood that a deportation order would be issued without opportunity for a full and fair hearing. Campillo v. Sullivan, 853 F.2d at 596. Finally, for habeas purposes it is of no consequence to petitioner's custody status that prison officials consider the existence of the INS detainer in assessing the prisoner's classifications. See Perez-Ramirez v. Lindemann, 20 Fed. Appx. 568, 2001 WL 1042187 (8th Cir. 2001)(unpublished opinion).[6] The detainer itself simply does not transform a sentenced prisoner into a person in the custody of the INS for habeas corpus purposes. Campillo v. Sullivan, 853 F.2d at 595.

## RECOMMENDATION

Based upon the foregoing discussion, along with the petition, exhibits, and the arguments of petitioner and counsel, **IT IS HEREBY RECOMMENDED** that the petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 be **dismissed** with prejudice. [Docket No. 1]

Dated: 2/20/02

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before March 4, 2002. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.

---

[6] Opinion copy attached per CTA8 Rule 28A(i).

This case was not selected for publication in the Federal Reporter

Not selected for publication in the Federal Reporter.

This opinion was not selected for publication in the Federal Reporter. Please use FIND to look at the applicable circuit court rule before citing this opinion. FI CTA8 Rule 28A(i).

United States Court of Appeals,
Eighth Circuit.

German PEREZ-RAMIREZ, Appellant,
v.
Dave LINDEMANN, Special Agent; Immigration and Naturalization Service,
Appellees.

**No. 01-1756.**

Submitted Sept. 7, 2001.
Decided Sept. 12, 2001.

Federal inmate filed petition for writ of habeas corpus after Immigration and Naturalization Service (INS) filed detainer with federal prison officials. The United States District Court for the District of Minnesota, David S. Doty, J., adopted report and recommendations of Susan Richard Nelson, United States Magistrate Judge, and denied petition, and inmate appealed. The Court of Appeals held that filing of INS detainer did not create "custody" sufficient to support habeas corpus jurisdiction.

Affirmed.

West Headnotes

**Habeas Corpus 257**
197k257 Most Cited Cases

Filing of Immigration and Naturalization Service (INS) detainer with federal prison officials, notifying them that INS would in future make decision regarding inmate's deportation, did not create "custody" sufficient to support habeas corpus jurisdiction. 28 U.S.C.A. § 2241.

***568** Appeal from the United States District Court for the District of Minnesota.

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

****1** German Perez-Ramirez, a federal inmate, appeals the district court's [FN1] dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We conclude that the filing of an Immigration and Naturalization Service (INS) detainer with federal prison officials, merely notifying them that the INS will in the future make a decision regarding Mr. Perez-Ramirez's deportation, does not create custody supporting habeas corpus jurisdiction; and, without deciding whether the INS detainer adversely affected Mr. Perez- Ramirez's custody and security classifications, we note that prison officials may consider an INS detainer in assessing such classifications. *See* *Mohammed v. Sullivan,* 866 F.2d 258, 260 (8th Cir.1989) (filing INS detainer with prison officials does not constitute technical custody for purpose of habeas jurisdiction; prison officials may consider INS detainer in assessing prisoner's classifications); *Campillo v. Sullivan,* 853 F.2d 593, 595 (8th Cir.1988) (prisoner may not challenge detainer via habeas corpus until he is placed in INS custody, which will not occur until prisoner is released from present term of confinement), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989); *see also* ***569***Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Congress has given federal prison officials full discretion to control prison classification and qualification for institutional programs). Mr. Perez-Ramirez has alluded to additional arguments; they lack merit, however.

FN1. The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

Accordingly, we affirm.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works